## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

DAVID W. COCHRAN                                                    PLAINTIFF

VERSUS                                          CIVIL ACTION NO. 3:06cv73HTW-JCS

CHRISTOPHER EPPS, et al.
                                                                    DEFENDANTS

OPINION AND ORDER

This cause is before the Court, sua sponte, for consideration of dismissal.  The plaintiff was an inmate of the Mississippi Department of Corrections when he filed this complaint  pursuant to 42 U.S.C. § 1983.  The named defendants are: Christopher Epps, Commissioner of MDOC; Rufus Burke, Deputy Warden; Margaret Bingham, Superintendent; Jimmy Thames, Administrative Remedy Program Investigator; Brian Ladner, Associate Warden; Jackie Parker, Warden; Annette Mack, Lieutenant; Alicia Box, Records Department; and Glenn Spann, Administrator of the Administrative Remedy Program.[1]  The plaintiff seeks monetary damages as relief.

Background

The plaintiff was issued two Rule Violation Reports (RVR) when he was in the custody of the Mississippi Department of Corrections.  The plaintiff was serving a portion of his criminal sentence under the "earned release supervision" (ERS) program.  One Rule Violation Report (RVR) was issued for failing to report to the probation office on March 8, 2005.  The second

---

[1]Initially, the plaintiff had also named Dr. Joseph Blackston and Dr. R. Thornton Walker as defendants regarding his medical complaints.  On March 7, 2006, plaintiff voluntarily dismissed his medical complaints as unexhausted.

report was issued  for changing his residence without permission, also on March 8, 2005.  The plaintiff states that he was brought to the Central Mississippi Correctional Facility by the Field Officer supervising him on April 13, 2005.  At the disciplinary hearing, the plaintiff was found guilty of the charges, and as punishment he claims that he lost good-time credits.

 The plaintiff argues that his constitutional rights were violated because he did not receive due process surrounding these reports and resulting disciplinary hearing.  Specifically, the plaintiff contends that he was denied an investigation of the rule violation reports which would have clearly revealed the reports were defective and should have been dismissed.

Plaintiff's complaint with the validity of the reports is two-fold.  He first complains that neither report has his assigned MDOC inmate number on it.  However, the plaintiff does not dispute that he is the individual identified in the reports and to whom the reports were issued, only that failure to place this number on the reports violates MDOC policy and procedure.

Secondly, the plaintiff contends that the date of the incident (March 8, 2005), listed at the top of the reports, conflicts with the date listed (August 11, 2005) by the reporting employee's signature.  Even though the plaintiff clearly states in his complaint that the Field Officer who was the reporting employee, actually signed the reports on April 13, 2005, when he placed the plaintiff in the Central Mississippi Correctional Facility, he maintains that this inconsistency violates MDOC policy and procedure.  Plaintiff asserts that these violations of MDOC policy and procedure warrant dismissal of the reports.

In sum, the plaintiff is requesting that this Court find his due process rights were violated at the disciplinary hearing, which resulted in the loss of his good-time credits.  As relief, the

plaintiff wants to be awarded compensatory and punitive damages, in the amount of 2.25 million dollars.

Analysis

The Prison Litigation Reform Act,  28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings in forma pauperis and provides  that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal --  (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Since the plaintiff was granted in forma pauperis status, Section 1915(e)(2) applies to the instant case.  As discussed below, this case will be dismissed for plaintiff's failure to state a claim on which relief may be granted.

A state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated.  Heck v. Humphrey, 512 U.S. 477, 487 (1994).  The Heck doctrine has been held to apply to a claim brought pursuant to 42 U.S.C. § 1983 by a state prisoner for damages and declaratory relief which challenges the validity of the procedures used to deprive him of good-time credits.  Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997).

Under the allegations of this complaint, it is clear that a judgment by this Court in favor of the plaintiff would "necessarily imply" the invalidity of his disciplinary hearing.  Therefore, in order for the plaintiff to maintain this action he must demonstrate that the disciplinary action has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a

3

writ of habeas corpus." Wells v. Bonner, 45 F.3d 90, 94 (5th Cir. 1995) (quoting Heck v. Humphrey, 512 U.S. 477, 487 (1994)).  The plaintiff has failed to demonstrate that the disciplinary hearing has been invalidated.  Thus, the plaintiff's cause of action pursuant to 42 U.S.C. § 1983 has not yet accrued.  See Heck, 512 U.S. at 489-90.  Consequently, he cannot maintain this action against the named defendants.

Conclusion

For the reasons set forth in this Opinion and Order, the Court finds that the plaintiff's complaint should be dismissed for failure to state a claim on which relief may be granted, pursuant to  28 U.S.C. § 1915(e)(2)(B)(ii), with prejudice.[2]  A final judgment in accordance with this Opinion and Order will be entered on this date.

Three-strikes provision

Since this case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), it will be counted as a "strike."  If the plaintiff receives "three strikes" he will be denied in forma pauperis status and will be required to pay the full filing fee to file a civil action or appeal.

SO ORDERED this the 18th day of September, 2006.

s/ HENRY T. WINGATE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2]Plaintiff's claims are dismissed with prejudice to their being asserted again until the Heck conditions are met." Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).